# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0528V

| | |
|---|---|
| RHONDA JONES,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br><br>Filed: March 13, 2026 |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION ON DAMAGES</u>[1]

On March 24, 2025, Rhonda Jones filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination received on October 7, 2023. Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 24, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On March 13, 2026, Respondent filed a Proffer on an award of compensation ("Proffer"). Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded the following:**

A. **A lump sum of $57,500.00 (for pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner;**

B. **A lump sum of $1,160.72, representing compensation for satisfaction of the State of Georgia Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

**Georgia Department of Community Health**
**Casualty Unit**
**Suite 1000**
**100 Crescent Center Pkwy**
**Tucker, GA 30084**

These amounts represent compensation for all damages that would be available under Section 15(a). Proffer at 2. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| RHONDA JONES, | |
| Petitioner, | No. 25-528V |
| | Chief Special Master Corcoran |
| v. | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

**PROFFER ON AWARD OF COMPENSATION[1]**

On March 24, 2025, Rhonda Jones ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she sustained a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccination she received on October 7, 2023. Petition at 1. On November 24, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 17. On the same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 18.

**I.     Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$57,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Georgia Medicaid lien in the amount of **$1,160.72**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Georgia may have against any individual as a result of any Medicaid payments the State of Georgia has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 7, 2023, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award/Recommended Payments

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [2]

A.  A lump sum payment of **$57,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Rhonda Jones; and

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

B.  A lump sum payment of **$1,160.72**, representing compensation for satisfaction of the State of Georgia Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

> Georgia Department of Community Health
> Casualty Unit
> Suite 1000
> 100 Crescent Center Pkwy
> Tucker, GA 30084

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ MADELYN E. WEEKS_
MADELYN E. WEEKS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 451-7312
Email: Madelyn.E.Weeks@usdoj.gov

DATED:  March 13, 2026

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, March 13, 2026, a copy of the foregoing pleading will be served by electronic mail to Jonathan Svitak at jsvitak@shannonlawgroup.com.

<u>s/ MADELYN E. WEEKS</u>
MADELYN E. WEEKS